WR-78,586-04

No. 2008-CR-11728-W3

EX PARTE

RUDY VALLADO

RECEIVED IN
COURT OF CRIMINAL APPEALS
IN THE DISTRICT COURT
144TH JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS
DEC 28 2015
Abel Acosta, Clerk

## MOTION TO FILE A PETITION FOR DISCRETIONARY REVIEW

NOW COMES THE PETITIONER, RUDY VALLADO, PRO SE, AS AN INDIGENT LAYMAN OF THE LAW, AND A PRISONER IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE T.D.C.J., RAMSEY 1 UNIT IN ROSHAREN, TEXAS. THE PETITIONER IN HUMBLE BONA FIDE RESPECTFULLY ENTERS THIS HONORABLE COURT WITH THIS MOTION ASKING PERMISSION TO FILE A PETITION FOR DISCRETIONARY REVIEW PURSUANT TO AN ORDER ISSUED BY THE 144TH STATE DISTRICT COURT ON SEPTEMBER 24, 2015, RECOMMENDING THAT THE PETITIONER'S PRESENT 11.07 HABEAS APPLICATION BE DISMISSED AS A SUBSEQUENT 11.07 HABEAS APPLICATION. THE PETITIONER CLAIMS IN HIS PRESENT 11.07 APPLICATION THAT NEWLY DISCOVERED EVIDENCE WILL NOT ONLY PROVE PETITIONER'S ACTUAL INNOCENCE BUT WILL ALSO PROVE THAT THE STATE COURTS FACTFINDING PROCEDURE WAS NOT SUFFICIENT TO ENTITLEMENT OF THE PRESUMPTION OF CORRECTNESS DOCTRINE. UNDER THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT_AEDPA., SECTION 28 U.S.C.A. 2254 (d). THE PETITIONER PRAYS THE COURT WILL GRANT THIS MOTION TO FILE A PETITION FOR DISCRETIONARY REVIEW WHICH MERITS THE RELIEF SOUGHT OF AN ILLEGAL CONVICTION AND INCARCERATION.

Rudy Vallado #1631597
APPLICANT/PETITIONER

No. 2008-CR-11728-W3

EX PARTE

Rudy Vallado

In The District Court
144th Judicial District
Bexar County, Texas

## PETITION FOR DISCRETIONARY REVIEW

NOW COMES, THE PETITIONER in the above named and numbered case. And pursuant to Article 11.07 of the Texas Code of Criminal Procedure files this in rebuttal to the State Court's order recommending that the petitioner's application for 11.07 writ of habeas corpus be dismissed. The court's order was signed and decreed in the 144th district court of Bexar County, Texas on September 24, 2015 by Judge Lorina Rummel. In the court's order it is asserted that the petitioner's first 11.07 application was dismissed after the state appellate court had made an assessment on the merits of the 11.07 application. And that, afterwards the court of criminal appeals denied without a written order the 11.07 application based on the state court's findings.

In his rebuttal the petitioner contends that because the state court's assessment was based on an affidavit alone. Was not sufficient to afford the petitioner of a full and fair hearing. And because the state court's assessment relied solely on an affidavit is not sufficient to entitle the state court's findings to the presumption of correctness, as evidenced in Uresti v. Lynaugh, 821 F. 2d 1099. The petitioner in his rebuttal further contends

P. one (1)

That, because The STATE in his case elected To use a substitute Judge in place of The regular court Judge To preside over The petitioners' Trial, which resulted in a different STATE Judge reviewing The PETITIONER'S First 11.07 APPLICATION. And because of The nonparticipation of The substitute Judge in reviewing PETITIONER'S First 11.07 APPLICATION it Mandated The reliance solely on a paper record of The Trial's proceedings which is insufficient To sustain The ASSESSMENT made by The STATE court in dismissing PETITIONER'S First 11.07 habeas APPLICATION. AS evidenced in Buxton v. Lynaugh, 879 F. 2d 140 (5Th cir. 1989), 497 U.S. 1032, 110 S.CT. 3295, 111 L.Ed 2d 803. Where That court held That its decision To deny Buxton's STATE habeas PETITION relied on The fact That in Buxton, The Trial court Judge and The STATE Judge who reviewed The affidavits relating To The STATE habeas PETITION was The SAME Judge Who Presided over The PETITIONER'S Trial And SENTENCING. And because The PETITIONER in The instant case has rebutted The STATE court's Factfinding procedure To support The PETITIONER'S claim That The STATE court did not adjudicate The merits of PETITIONER'S First 11.07 application Sufficient To sustain The court's determination in finding That The affidavit submitted by Trial counsel was "credible And Truthful." In support PETITIONER cites Rose v. Lundy, 455 U.S. AT 510, 102 S.CT. 1198, it is stated That A PETITION for habeas corpus filed after an initial PETITION was dismissed without an adjudication being made on The merits

of a state habeas claim is not a "second or successive" petition. Slack v. McDaniel, 120 S. Ct. at 1607. The petitioner asserts that the state court is objectionably relying on section 28 U.S.C.A. 2254 (d) in entering into the record disinformation by falsely stating in its brief to the federal district court, that the appellate state judge who made credibility determinations on an affidavit was the same judge who presided over the petitioner's trial and sentencing therefore, wrongfully obligating the courts to dismiss the habeas claims. In compliance with section 28 U.S.C. 2254 (e)(1) the petitioner invokes the right in rebutting the state's disinformation which is supported by the record in stating that in the petitioner's case judge Pat Priest was the substituting trial court judge and that judge Angus McGinty was the judge who made credibility determinations based on an affidavit and entered findings dismissing the petitioner's first 11.07 application, a fact which is now being subverted by the submission of the state's disinformation. According to rule (60) of the federal rules of civil procedure note 404. A movant seeking relief based on newly discovered evidence must show that facts existed at time of trial, and that movant was excusably ignorant of facts despite using due diligence to learn about them. The petitioner claims that on January 12, 2012, petitioner's petition for discretionary review was denied

by the court of Criminal appeals after denying the applicants first 11.07 application on December 12, 2012, without a written order and relying on the findings of the trial court without a hearing. The Petitioner contends that on March 23, 2012, the trial court issued an order designating issues requiring trial counsel's response to the order by affidavit with a court imposed deadline of May 16, 2012, to do so. The deadline was ignored until Petitioner filed in the court of Criminal appeals, a Motion for a writ of Mandamus on October 24, 2012. The Significance and relevance being that the trial court deprived Petitioner of a hearing on the merits of his habeas claims, and thence, did not take into consideration all of the facts before making credibility determinations in finding the affidavit as "credible and Truthful." And because trial counsel resigned after the trial without filing an appeal brief on direct appeal. The record does not support counsel's affidavit. Citing Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, and Baindus v. State, 436 S.W. 2d 137. Because in Texas, the only time to challenge the sufficiency of the evidence to support a conviction is on direct appeal. Ex Parte Wingfield 162 Tex. Crim. 112, 282 S.W. 2d 219; Colbroth v. Wainwright, 446 F.2d 1193. The exception is in showing that there was no

EVIDENCE ON A CRUCIAL ELEMENT OF THE OFFENSE WITH WHICH DEFENDANT WAS CONVICTED. AND BECAUSE AN INDICTMENT IS JURISDICTIONAL, THE DEFENDANT AT ANY TIME MAY RAISE AN OBJECTION TO THE INDICTMENT, BASED ON FAILURE TO CHARGE AN OFFENSE. CITING CONSTITUTIONAL LAW 266 (7) WHICH STATES THAT THE DUE PROCESS CLAUSE REQUIRES GOVERN-MENT TO PROVE EVERY ELEMENT OF CHARGED OFFENSE BEYOND REASONABLE DOUBT. ACCORDING TO STATE LAW UNDER VERNON'S ANN. C.C.P. ARTICLE 42.12, 39(A)(2) THAT STATES A FELON'S POSSESSION OF A DEADLY WEAPON DOES NOT BY ITSELF, CONSTITUTE "USE" DURING THE COMMIS-SION OF THE FELONY OFFENSE OF UNLAWFULLY POSSESSING A DEADLY WEAPON. IN PATTERSON V. STATE, 769 S.W. 2d 938, THE COURT HELD THAT IN ORDER TO "USE" A DEADLY WEAPON FOR AFFIRMATIVE FINDING PURPOSES, THE WEAPON MUST BE UTILIZED TO ACHIEVE AN INTENDED RESULT, NAMELY, THE COMMISSION OF A FELONY OFFENSE SEPARATE AND DISTINCT FROM "MERE" POSSESSION. SEE ARTICLE 42.12, 39(A)(2) PATTERSON, SUPRA. THE PETITIONER POSTULATES THAT BECAUSE THE THE PROSECUTION DID NOT CALL FOR TRIAL ITS CHIEF WITNESS CALEB RUIZ, DEPRIVING PETITIONER OF THE RIGHT TO CONFRONT HIS ACCUSER, AND OF THE RIGHT TO CROSS EXAMINE THE WITNESS WHEN FORENSIC'S EXPERT TESTIMONY WAS READ AT TRIAL AND DISCREDITING RUIZ'S, TESTIMONY CREATING DISCREPANCIES WHICH PRECLUDED THE PROSECUTION FROM PROVING THAT THE DEADLY WEAPON WAS USED

in the commission of the charged offense which created a variance between the allegations in the indictment and the evidence presented at the trial. According to Section 28 U.S.C.A. 2254, ch. 153, note 1342. In a habeas corpus proceeding when incompetency of counsel is called into question, question of guilt must be considered for the reason that if defendant was conclusively guilty, question as to what his counsel could do by way of defense, is important. Hendrickson v. Overlade, N.D. Ind. 1955, 131 F. Supp. 561. Habeas Corpus. Keynote 462. The petitioner postulates that because trial counsel did not obtain and present these facts at the trial transmutes the facts as newly discovered evidence. The petitioner reiterates and maintains his contention that the state appellate court did not enter an adjudication on the merits of his first 11.07 application and therefore did not afford the petitioner of a full and fair hearing on the state habeas claims in his first 11.07 application and as supported by Rose v. Lundy, 455 U.S. at 510, 102 S.Ct. 1198, his present 11.07 application is not a subsequent application. Therefore the petitioner has shown that facts existed at time of trial and that petitioner was excusably ignorant of the facts despite using due diligence to learn about them. Federal Rules of Civil Procedure rule 60 note 404. In the case of

P. Six (6)

McQuiggin v. Perkins, 133 S.Ct. 1924 (2013) it is stated that the affidavits Perkins presented in support of his actual innocence claim. The court reasoned that, even assuming they qualified as newly discovered evidence of innocence, Perkins could only get past the AEDPA statute of limitations if he could establish equitable tolling, which requires a showing of extraordinary circumstances justifying the delay in obtaining the new evidence. The court found that Perkins had failed to meet the strict standard by which pleas of actual innocence are measured because he had not shown that, taking into account all of the evidence, it was "more likely than not that no reasonable juror would have convicted him." Perkins appealed and the Six Circuit court granted a certificate of appealability COA on the issue of reasonable diligence as a pre-condition to relying on actual innocence as a gateway to adjudication of a federal habeas corpus petition on the merits? The court's answer to this question was "no" and reversed the district court's dismissal of Perkins' habeas petition.

Therefore, the petitioner in the instant case has shown where his claim of actual innocence does not stand alone but is tied to a constitutional violation during his trial which merits the relief sought of an illegal conviction and incarcera-

tion, by demonstrating trial counsel's incompetence in not obtaining, and presenting the facts on a crucial element of the charge with which he was convicted. The petitioner in claiming that he is being unreasonably denied redress on his claim that the evidence used to convict him was insufficient poses the question. Can a jurisdictional defect be waived or procedurally defaulted? U.S. V. VOGL, 374 F. 3d 976 (10Th Cir. 2004). The petitioner claims that the record glares on its face that ineffective assistance by counsel in the case at hand existed and had it not been for such ineffectiveness and counsel's arbitrary approach which prejudiced this petitioner for counsel's failure to preserve claims by contemporaneous objections then the results of the proceedings would have been different and favorable to the petitioner. The AEDPA, leaves a window of opportunity "to guard against extreme malfunctions in the state criminal justice system, as in the case at hand and such protection is invoked herein for relief of an illegal conviction and incarceration. The petitioner emphasizes the fact that the courts' have been ruling mistakenly in basing their opinion on erroneous allegations that the victim had stated that he had been stabbed by this petitioner when the trial transcript shows the victim's testimony clearly and unequivocally stating that he does not know

who stabbed or cut him with a knife. (CT. R. VOL.3, AT 86).

The petitioner being a layman of the law and an indigent too poor to retain counsel does not waive any rights and prays for any other relief deemed proper by this court.

Because the petitioner's trial counsel did not investigate the state's witness Caleb Ruiz, the federal district court did note on page eleven (11) in its memorandum and recommendation (Document 12, Filed 07/09/13) that "Respondent does not contend that Ruiz was unavailable for trial or that Vallado was given an opportunity before trial to cross-examine him. Thus, the testimony of officers Mendez and Rodriguez regarding statements made by Ruiz was objectionable."

## Conclusion and Prayer

Wherefore, premises considered, the petitioner prays the court of criminal appeals grants the relief sought of an illegal conviction and incarceration.

## Inmate's Declaration

I, Rudy Vallado, the petitioner presently incarcerated in the Ramsey 1 unit of the Texas Department of Criminal Justice in Rosharon, Texas, declare under penalty of perjury, that the facts stated herein are true and correct.

Rudy Vallado #1431597
PETITIONER/APPLICANT